IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSEPH WILLIAMS and REBECCA WILLIAMS<br>    Plaintiffs,<br><br>v.<br><br>NATIONSTAR LOAN SERVICING, LLC<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: _____<br>JURY DEMAND |

# COMPLAINT

1. This action is brought by the Plaintiffs, Joseph Williams and Rebecca Williams (hereinafter "Mr. and Mrs. Williams" or "Plaintiffs"), against Defendant, Nationstar Loan Servicing, LLC, (hereinafter "Nationstar" or "Defendant") which services a mortgage to Plaintiffs.

2. Nationstar has failed to supply Plaintiffs with appropriate information and/or make appropriate corrections to the mortgage account despite Plaintiff's dispute and complaints about the release of the mortgage, in violation of the mortgage servicer provisions of the Real Estate Settlement Procedures Act (hereinacter "RESPA"), 12 U.S.C. § 2605.

3. In addition, this is an action for damages brought by an individual consumer for Nationstar's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

4. Jurisdiction exist over these matters pursuant to 12 U.S.C. § 2614 and 15 U.S.C. § 1692k(d).

1

5. Venue lies in this judicial district in that the event which gave rise to this claim occurred here and the property which is the subject of this action is situated within this district.

## PARTIES

6. Plaintiff, Mr. Williams is an individual over nineteen (19) years of age and who resides in Lincoln, Alabama, 35096.

7. Plaintiff, Mrs. Williams is an individual over nineteen (19) years of age and who resides in Lincoln, Alabama, 35096.

8. Defendant, Nationstar, is a foreign limited liability company with its principal place of business in Texas. At all times material to this action, Nationstar, regularly transacted business in the State of Alabama.

9. Defendant, Nationstar, is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2605(i)(2).

10. In addition, Defendant, Nationstar, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

11. On or about March 5, 2009, Plaintiffs purchased a house in a new sub-division located in Lincoln, Alabama called Grand View Estates.

12. Mr. Williams signed a note payable to Countrywide Bank, FSB (hereinafter "Countrywide"), wherein Mr. Williams promised to pay Countrywide, identified as "Lender" on said note.

13. The closing documents from the purchase incorrectly stated "136 Elm Way" as the physical address, instead of the correct address of 120 Elm Way. However, the property description on the mortgage and deed are correct.

14. Based upon information and belief, the closing attorney had provided a scrivener's error correcting the correct address from 136 Elm Way to 120 Elm Way.

15. On or about June 7, 2013, Nationstar became the new servicer for the Mr. and Mrs. Williams' mortgage service.

16. Around April 2014, Mr. and Mrs. Williams noticed the monthly escrow payments increased. The Plaintiffs were concerned because their homeowners insurance and the property tax had stayed about the same amount from the previous year.

17. Mr. Williams contacted Nationstar several times to resolve this issue with the escrow, but was initially unsuccessful in getting his escrow payment to go back down.

18. However, during one of Mr. Williams' conversations with one of Nationstar's agents, he found out Nationstar was collecting escrow for two hazard insurances- one for his policy and another for "136 Elm Way".

19. Mr. Williams informed Nationstar of his correct address and mailed documents to Nationstar that provided proof of the property's true address, but Nationstar proceeded to collect insurance for both properties.

20. Around the beginning of 2016, Mr. and Mrs. Williams began to have trouble paying their bills because Mr. Williams had to leave his job for health reasons.

21. Subsequently, Mr. and Mrs. Williams got behind on their mortgage payments.

22. In or about April 2016, Nationstar finally stopped collecting the additional insurance for 136 Elm Way, and the Plaintiffs' escrow went back down. However, Nationstar failed to credit or refund the extra money paid into escrow.

23. Mr. Williams believed he should have been given credit for the extra escrow he paid over the years and he believed the amount was approximately $3,000.00 or about three months' worth of mortgage payments.

24. In or about June 2016, Mr. Williams attempted to make a payment on his mortgage, but Nationstar refused to accept anything less than the whole amount due according to Nationstar at that time which was over $5,000. including close to $800.00 of late fees and expenses.

25. In or about July 2016, the Plaintiffs' neighbor, which resided at 136 Elm Way, began to receive certified mail addressed to Mr. and Mrs. Williams regarding the default on their mortgage. The Plaintiffs' neighbor had also informed Mr. Williams he saw someone taking pictures of his house, and he saw his home online listed for rent.

26. The Plaintiffs attempted to work out a solution with Nationstar, including applying for a loan modification.

27. However, in or about October 2016, Nationstar was still requesting additional information including proof of occupancy, which the Plaintiffs could not do, because they did not live at 136 Elm Way. *See* Exhibit "A" attached hereto.

28. On or about October 27, 2016, counsel for Mr. Williams sent a qualified written request (hereinafter "QWR") pursuant to RESPA, 12 U.S.C. § 2605(e)(1)(B) to Nationstar. The QWR letter disputed all fees, expenses, insurance and taxes incurred in relation to 136 Elm Way. The letter also requested various documents, including those which relate to 136 Elm Way. *See* Exhibit "B" attached hereto.

29. A letter dated November 2, 2016 from Nationstar stated "A response will be provided no later than December 13, 2016. However, responses are generally provided in less than ten days from receipt of the correspondence." *See* Exhibit "C" attached hereto.

30. The Platintiffs home was scheduled for foreclosure on December 14, 2016.

31. On or about December 7, 2016, facing foreclosure and having not received a response from Nationstar, Mr. Williams filed chapter 13 bankruptcy in the Northern District Court, Eastern Division.

32. In February 2017, neither Mr. Williams nor his counsel had received the requested information or a response from Nationstar after its investigation.

33. Therefore, on or about February 13, 2017, counsel for Mr. Williams mailed a second QWR to Nationstar. *See* Exhibit "D" attached hereto.

34. In April 2017, neither Mr. Williams nor his counsel had received the requested documents from Nationstar or a response from Nationstar after its investigation for either of the two QWRs.

35. On or about April 6, 2017, counsel for Mr. Williams mailed a third QWR to Nationstar. *See* Exhibit "E" attached hereto.

36. However, by the end of May 2017, neither Mr. Williams, nor his counsel ever received the requested documents from Nationstar, or a response after the investigation from any of the three QWR.

37. On or about July 19, 2017, Mr. Williams' chapter 13 bankruptcy was dismissed.

38. In September 2017, Nationstar began foreclosure proceedings on the Plaintiffs' home. Again, notice of the default and foreclosure was delivered to the Plaintiffs' neighbor at 136 Elm Way.

39. As a result of Nationstar's failure to acknowledge the property's true address, the Plaintiffs have incurred actual damages including but not limited to the inability to complete an application for a loan modification.

40. Furthermore, as a result of Nationstar's failure to provide accurate account information and to correct any and all errors, the Plaintiffs have incurred actual damages including being unable to determine any money that should have been refunded or credited to the account at a time when the Plaintiffs' were facing foreclosure.

41. Additionally, the Plaintiffs have been caused to incur costs for the legal services to communicate with Nationstar via the RESPA letters and to pursue this legal action.

42. Furthermore, the Plaintiffs have also suffered embarrassment, mental anguish, stress and anxiety as a result of the Nationstar's actions.

## COUNT I – VIOLATION OF RESPA

1. The allegations of paragraphs 1-42 above are re-alleged and incorporated herein by reference.

2. Nationstar is a servicer of a "federally related mortgage loan" as defined under 12 U.S.C. § 2602(1).

3. The October 27, 2016, February 13, 2017, and April 6, 2017 letters on behalf of Plaintiffs, to Nationstar were qualified as a written request as that term is defined by RESPA, 12 U.S.C. § 2605(e)(1)(B).

4. Nationstar failed to provide accurate information and/or to correct any and all errors within 30 days pursuant to § 2605(e)(2).

5. As a result, the Plaintiffs have suffered embarrassment, mental anguish, and emotional distress caused by Nationstars' actions.

6. Furthermore, the Plaintiffs suffered actual damages including attorney fees and expenses.

7. Furthermore, Nationstar has a pattern and practice of not adequately responding to QWRs and not correcting all errors as required under § 2605.

8. Pursuant to 12 U.S.C. § 2605(f) Plaintiffs may recover actual damages of $2,000, reasonable attorney's fees, and cost for each failure of Nationstar.

## COUNT II – VIOLATION OF FDCPA

9. The allegations of paragraphs 1-42 above are re-alleged and incorporated herein by reference.

10. Nationstar is a "Debt Collector" as defined under 15 U.S.C. § 1692a(6) and Plaintiffs is a "consumer" as defined under 15 U.S.C. § § 1692a(3).

11. Nationstar has violated the FDCPA by misrepresenting the amount Plaintiffs owes total amount to payoff the loan, the principal payment, late fees, and/or expenses under 15 U.S.C. § 1692e(2).

12. Furthermore, Nationstar has violated the FDCPA by notifying a third party about the debt without prior consent under 15 U.S.C. § 1692c(b).

13. By reason of Nationstar's violation of 15 U.S.C. § 1692, Plaintiffs are entitled to damages in the amount of $1,000, plus actual damages, attorney fees, cost of this action, and such other and further relief as the court may deem just and proper under 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE, PRMISES CONSIDERED**, the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

14. That the Plaintiffs recover against the Nationstar a sum to be determined by the Court in the form of actual damages;

15. That the Plaintiffs recover against the Nationstar a sum to be determined by the Court in the form of statutory damages;

16. That the Plaintiffs recover against the Nationstar a sum to be determined by the Court in the form of punitive damages;

17. That the Plaintiffs recovers against the Nationstar all reasonable legal and expenses incurred by their attorney;

18. That this Court order Nationstar to pay to the Plaintiffs their attorney's fees and costs and additional actual damages of $2,000 for each failure to comply with any part of Section 2605 of Title 12 of United States Code pursuant to Section 2535(f) of Title 12 of the United States Code;

19. That this Court order the Nationstar to pay to the Plaintiffs the amount of $1,000, plus actual damages for violations of the FDCPA under 15 U.S.C. § 1692e pursuant to 15 U.S.C. § 1692k; and

20. That the Plaintiffs may have such further and different relief as this Court deems just and proper.

Respectfully submitted on 11th of November 2017.

/s/ Mary Ruth C. Smitherman
Mary Ruth C. Smitherman
Attorneys for Plaintiffs
maryruth@aclg.law

/s/ Harvey B.Campbell, Jr.
Harvey B. Campbell, Jr.
Attorneys for Plaintiffs
buddy@aclg.law

OF COUNSEL:
ALABAMA CONSUMER LAW GROUP, LLC
P.O. Drawer 756
Talladega, AL 35161
(256) 761-1858

## **JURY DEMAND**

The Plaintiff demands a trial by jury.

*/s/ Mary Ruth C. Smitherman*
Attorney for Plaintiff
